NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RLR INVESTMENTS, LLC | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-4257 (DMC) |
| TOWN OF KEARNY, ALBERTO G. SANTOS, MAYOR, COUNCIL OF THE TOWN OF KEARNY, PLANNING BOARD OF THE TOWN OF KEARNY, KEARNY-HARRISON, LLC, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants the Town of Kearny ("the Town"), Mayor Alberto G. Santos ("Santos"), Council of the Town of Kearny ("Town Council") and Planning Board of the Town of Kearny ("Planning Board") (collectively the "Kearny Defendants") to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and upon motion by Defendant Kearny-Harrison, LLC ("Kearny-Harrison") to dismiss pursuant to Rule 12(b)(6). Oral argument was heard on this matter on June 7, 2007. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

**I.    BACKGROUND**

   **A.    Parties**

Plaintiff RLR Investments, LLC ("RLR") is an Ohio limited liability company and the owner

of real property designated as Block 279, Lots 24 and 30 on the tax map of the Town of Kearny, New Jersey ("the Property"). Compl. ¶1. R+L Carriers, Inc. ("R+L Carriers") is owned and operated by the same family that owns and operates RLR and utilizes the Property as a commercial motor freight terminal for the LTL ("less than truckload") transportation business. Compl. ¶¶9, 10. The terminal located at the Property is the hub serving R+L Carrier's entire northeast region. Compl. ¶10. Plaintiff alleges that all freight that is to be distributed in the northeast, and all freight that originates in the northeast to be delivered to destinations in other parts of the country, must first pass through the Kearny terminal located at the Property. Compl. ¶10.

The Kearny Defendants have adopted and implemented a number of resolutions and ordinances aimed at redeveloping the Property as part of redevelopment in an area along Schuyler Avenue. Defendant Kearny-Harrison, is a New Jersey limited liability corporation hired by the Kearny Defendants to redevelop portions of Schuyler Avenue, including the Property. Compl. ¶19.

### B.     Redevelopment of Schuyler Avenue Area

On January 11, 2000 Defendants Mayor and Town Council adopted a resolution directing Defendant Planning Board to conduct a preliminary investigation into whether a delineated area along Schuyler Avenue, including the Property, should be declared an "area in need of redevelopment," according to Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1, et seq. Compl. ¶11. Thereafter, a Redevelopment Area Study Report was prepared by Heyer, Gruel and Associates, P.A. Compl. ¶12. In regards to Plaintiff's property, the report found that

> [t]his parcel contains a large distribution center for R&L Carriers Trucking. There is a 1.5-story office and distribution building on-site. The 75,000+ square foot (625' long) warehouse/distribution portion of the structure accommodates loading and unloading. A second, 18,000+ one-story, aluminum structure is used to service and fuel trucks. A number of security structures are located at entrances along Sandford Avenue. The parcel is underutilized by the trucking operation which dedicates only

> approximately 9 percent of the parcel to buildings; the remainder of the property is used for storage of tractor trailers.

Compl. ¶12.

By resolution adopted on December 12, 2000, Defendant Council designated the area, including Plaintiff's property, as "an area in need of redevelopment." Compl. ¶14. The Kearny Defendants claim that a copy of the resolution was published in *The Jersey Journal* on April 12, 2002. See November 20, 2006 Certification of Susan A. Evanchick ("Evanchick Cert."), ¶11.

On or about April 23, 2002, Defendant Council passed an ordinance approving and adopting a redevelopment plan for the Property ("the Schuyler Avenue Redevelopment Plan"). Compl. ¶15. This plan includes redevelopment of Plaintiff's property. Compl. ¶15. Defendant Kearny-Harrison was designated as the redeveloper for several properties within the Schuyler Avenue Redevelopment Area. Compl. ¶16. Thereafter, on July 26, 2006, Defendant Town entered into a Redeveloper Agreement with Defendant Kearny-Harrison for a portion of the Schuyler Avenue Redevelopment Area, including Plaintiff's property. Compl. ¶19. Pursuant to the Redeveloper Agreement between the Kearny Defendants and Defendants Kearny-Harrison, the Redeveloper is obligated to conduct bona fide negotiations with the property owner to acquire the parcels. Compl. ¶21.

### C. Notice to Plaintiff of Redevelopment

Plaintiff claims that "[a]t no time did RLR" receive any notice (1) "of any public hearing before the Planning Board and/or Council relating to the investigation or designation of the property as one in need of redevelopment;" or (2) "from the Town with respect to the creation and adoption of the redevelopment plan for the area or the designation of a redeveloper for RLR's property." Compl. ¶¶13, 17.

Nevertheless, in July 2006, Plaintiff alleges that it learned of the redevelopment after reading

some of the reports in the press regarding the project and its property. Compl. ¶20. Specifically, a newspaper article appearing in the July 6, 2006 Kearny Journal, announced preliminary plans for the Schuyler Area site, including Plaintiff's property, for the construction of a Home Depot and another small retailer. Compl. ¶18. Shortly thereafter, Plaintiff, through its counsel, requested a meeting with Defendant Town. Compl. ¶20. At a meeting during the last week of July 2006, Plaintiff advised the Town that its location was vital to the operation of its business and that it wanted and needed to stay in its present location. Compl. ¶20. In response, Defendant Town and Kearny-Harrison advised Plaintiff that the plan (1) did not contemplate allowing RLR to continue operating at the present location and (2) Defendant Town had no interest in relocating RLR's business to another site within the redevelopment area. Compl. ¶20. Plaintiff further alleges that "[i]t became clear that the Town intended to acquire the property by negotiated sale and/or condemnation and transfer the property to the private redeveloper in order to construct a Home Depot on the site." Compl. ¶20.

### D.      Plaintiff's Claims for Relief

On or about September 8, 2006 Plaintiff filed the instant action, challenging the redevelopment actions taken by the Town with respect to Plaintiff's property. The Complaint sets forth five causes of action. The First and Second Counts allege violations of the Public Use Clause of the United States Constitution and the New Jersey Constitution. Compl. ¶¶23-32. The Third Count alleges violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. Compl. ¶¶33-36. The Fourth Count alleges that Defendants' actions in regard to the redevelopment are arbitrary and capricious. Compl. ¶¶37-43. The Fifth Count alleges

violation of New Jersey's Eminent Domain Act. Compl. ¶¶44-50. The relief sought by Plaintiff includes, *inter alia*, an order restraining and enjoining Defendants' actions regarding redevelopment, declarations pursuant to 28 U.S.C. § 2201, compensatory damages, consequential damages, incidental damages, interest, costs and counsel fees.

The Court will first address the viability of Plaintiff's federal causes of action - Counts One and Three. If these counts are dismissed the Court has discretion to decline to exercise its supplemental jurisdiction over the remaining state claims. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (citing 28 U.S.C. § 1367(c)(3)). As an initial matter, this Court must determine whether Plaintiff's constitutional claims are justiciable under the ripeness doctrine. The issue of ripeness goes to the question of this Court's jurisdiction and whether or not the action satisfies the constitutional "case or controversy" requirement. See Phila. Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, AFL-CIO v. Ridge, 150 F.3d 319, 322-23 (3d Cir. 1998) (citing Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462 (3d Cir. 1994); Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1154 (3d Cir. 1995); Renne v. Geary, 501 U.S. 312, 316 (1991)).

## II.    STANDARD OF REVIEW ON RULE 12(b)(1) MOTION

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and

oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) cert. denied, 454 U.S. 897 (1981)).  "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff."  Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000)).  However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

## III.  RIPENESS

Both the Kearny Defendants and Defendant Kearny-Harrison contend that Plaintiff's Complaint must be dismissed because it is unripe.  Ripeness is a justiciability doctrine, functioning "to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."  Khodara Envtl. Inc. v. Blakey, 376 F.3d 187, 196 (3d Cir. 2004) (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)).

### A.    Count One: Fifth Amendment Takings Claim

Central to the ripeness inquiry in this case is the Supreme Court's holding in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City.  473 U.S. 172 (1985). In Williamson County, a regulatory takings case brought pursuant to the Fifth Amendment Just Compensation Clause, the Supreme Court recognized two ripeness requirements:(1) the plaintiff must obtain a "final decision regarding the application of the zoning ordinance and subdivision

regulations to its property"; and (2) the plaintiff must utilize "the procedures [the state] provides for obtaining just compensation." Id at 186.  Defendants moved for dismissal of Plaintiff's claims, arguing that Plaintiff's claim is not ripe because it does not satisfy either of the Williamson County ripeness requirements.

First, Defendants contend that Plaintiff's Fifth Amendment claim is not ripe because Plaintiff has not utilized the adequate state procedures for obtaining just compensation. Defendants argue that Plaintiff should have filed an action in lieu of a prerogative writ to challenge the Town's actions, as set forth in the Rules Governing the Courts of the State of New Jersey, R. 4:69-1, *et seq*. Alternatively, Defendant Kearny-Harrison argues that Plaintiff cannot seek relief under the Fifth Amendment because the State of New Jersey provides an adequate procedure for addressing Plaintiff's grievances under the Eminent Domain Act, N.J.S.A. 20:3-1 *et seq*. ("the Act"). Kearny-Harrison Br. at 11-13. Specifically, the Act provides procedures for individuals seeking just compensation, requiring the public body to engage in bona fide good faith negotiations with the property owner in an effort to obtain possession or title of the property through agreement. N.J.S.A. 20:3-6. Either of these arguments may be persuasive if Plaintiff was seeking relief pursuant to the Just Compensation Clause of the Fifth Amendment. However, as emphasized in Plaintiff's Opposition Brief, this is a cause of action brought pursuant to the Public Use Clause of the Fifth Amendment. Accordingly, the fact that Plaintiff has not attempted to obtain compensation for the taking through New Jersey state procedures is irrelevant. This Court agrees with Plaintiff that it would be futile for RLR to engage in state procedures designed to determine the appropriate amount of compensation where Plaintiff's constitutional challenge is not brought pursuant to the Just

Compensation Clause.

Second, Defendants contend that Plaintiff's Fifth Amendment claim is unripe because no final decision has been reached regarding Plaintiff's property. At this time, Plaintiff's property has been designated as an area in need of redevelopment and is currently being considered for acquisition. The Town has not passed or proposed an ordinance authorizing condemnation of the Property - a necessary act for the filing of a condemnation action. See Twp. of Hillsborough v. Robertson, 260 N.J. Super. 37 (Law Div. 1992). The designation of Plaintiff's property as blighted is not a final decision because Defendants have yet to condemn Plaintiff's property by filing a condemnation complaint in Superior Court. At that time, Plaintiff may challenge the validity of such a decision. Kearny-Harrison Reply Br. at 3; see Littman v. Gimello, 115 N.J. 154, cert. denied, 493 U.S. 934 (1989); Far-Gold Constr. Co. v. Chatham, 141 N.J. Super. 164 (App. Div. 1976) (both for the proposition that designations and adoptions of resolutions are nonfinal decisions that do not constitute takings).

Plaintiff argues that this action is ripe because the taking of Plaintiff's property is imminent. Pl. Opp'n Br. at 26. It should be noted that Plaintiff fails to allege that the taking is imminent in the Complaint. Rather, in its Opposition Brief Plaintiff relies on statements allegedly made by the Mayor and Town representatives that imply condemnation is imminent. This argument is particularly weak, relying on "[w]ord among employees" and other hearsay statements. These unsubstantiated, " 'some day' intentions" do not show that condemnation of Plaintiff's property is imminent. Kearny-Harrison Defs. Reply Br. at 4 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992)). Plaintiff's weak allegations regarding imminence do nothing to rebut the fact that

Defendants have not initiated any proceeding to condemn Plaintiff's property.

Additionally, at oral argument, Plaintiff contended that Defendants' taking of Plaintiff's property is imminent because the redeveloper is seeking access to Plaintiff's property in order to perform tests and environmental studies. See Tr. 35:21-36:15; Certification of Laura Leacy Kyler ("Kyler Certif.") Ex. C (September 8, 2006 Correspondence from James P. Bruno, Esq. to RLR Investments and enclosed Access Agreement). However, as noted in the letter accompanying the access agreement, this preliminary entry onto Plaintiff's property would be completed pursuant to N.J.S.A. 20:3-16. This entry does not establish that a taking is "imminent." Rather, this preliminary entry is a step taken by the Town in order to determine whether a taking of Plaintiff's property may be appropriate. As noted by Defendant Kearny-Harrison at oral argument, "as a result of [these] due diligence studies, the municipality may decide not to go forward with the condemnation." Tr. 30:23-25.

Most importantly, no final action has been taken as to Plaintiff's property because Defendants have not initiated condemnation proceedings in New Jersey Superior Court pursuant to N.J.S.A. 20:3-8. As such, no final decision has been made as to Plaintiff's property. Accordingly, following the Supreme Court's decision in Williamson County, it is the finding of this Court that Plaintiff's claim for relief pursuant to the Fifth Amendment is not ripe. If the Town ultimately decides to condemn Plaintiff's property, RLR will have the opportunity to challenge the taking when Defendants institute an action to condemn Plaintiff's property as required by N.J.S.A. 20:3-8.

### B. Count Three: Due Process Claim

Rule 12(b)(1) dismissal is also appropriate as to Plaintiff's due process claim because it is

not ripe. Plaintiff claims violation of its due process rights based on

> 35.  The designation of plaintiff's property as one in need of redevelopment, the creation of a redevelopment plan, the designation of a redeveloper for plaintiff's property and the execution of the Redeveloper Agreement, all without prior notice to the plaintiff and an opportunity to be heard, will deprive the plaintiff of its property without due process of law.

Compl. ¶35. Specifically, Plaintiff explains that "[t]he Third Count alleges violation of the due process clause of the Fifth and Fourteenth Amendments in that *the condemnation will deprive plaintiff of its property without due process of law.*" Pl. Opp'n Br. at 12 (emphasis added). Notably, Plaintiff's description of the alleged due process violation claim indicates that the alleged harm will occur in the future.

As set forth above, no condemnation has yet taken place, nor has Plaintiff adequately pled that condemnation is imminent. Accordingly, Plaintiff has not been deprived of its property without due process of law. The fact that Plaintiff has suffered no injury at this time renders its due process claim unripe. Thus, the due process claim is not justiciable and must be dismissed for lack of jurisdiction.

### C.    Counts Two, Four and Five: Remaining State Claims

Having concluded that this Court lacks jurisdiction over Plaintiff's federal claims, the Court will not exercise its supplemental jurisdiction over the remaining state claims. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (citing 28 U.S.C. § 1367(c)(3)).

**IV.**     CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.


                                                                      S/ Dennis M. Cavanaugh
                                                                     Dennis M. Cavanaugh, U.S.D.J.

Date:         June   18  , 2007
Orig.:        Clerk
cc:           Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File